

**Service of Process Transmittal**
07/22/2015
CT Log Number 527512381

| | |
|---|---|
| **TO:** | Michelle Rothenberg<br>Anthem, Inc.<br>3350 Peachtree Road<br>Atlanta, GA 30326 |
| **RE:** | **Process Served in Colorado** |
| **FOR:** | ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC. (Domestic State: CO) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lindze Huss, Pltf. vs. Anthem Blue Cross and Blue Shield, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Case Cover Sheet, Complaint and Jury Demand |
| **COURT/AGENCY:** | Denver County District Court, CO<br>Case # NONE |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - September 21, 2012 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Denver, CO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/22/2015 at 17:15 |
| **JURISDICTION SERVED :** | Colorado |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after such service upon you |
| **ATTORNEY(S) / SENDER(S):** | Mark Harden<br>Zaner Harden Law,LLP<br>1610, Wynkoop Street, Suite 120<br>Denver, CO 80202<br>303-563-5354 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/23/2015, Expected Purge Date: 07/28/2015<br><br>Image SOP<br><br>Email Notification, Michelle Rothenberg  michelle.rothenberg-williams@bcbsga.com<br><br>Email Notification, Linda Anthone  Linda.Anthone@anthem.com<br><br>Email Notification, Sharon Mos  smos@bcbsga.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | The Corporation Company<br>1675 Broadway<br>Suite 1200<br>Denver, CO 80202<br>855-483-2021. |

Page 1 of 1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| District Court, Denver County, Colorado<br>Court Address: 1437 Bannock Street<br>Denver, Colorado 80112 | |
| Plaintiff: Lindze Huss<br><br>v.<br><br>Defendant: Anthem Blue Cross and Blue Shield | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Division:      Courtroom: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT: Anthem Blue Cross and Blue Shield**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: July 17, 2015

_____
Clerk of Court/Clerk

*/S/ Marc Harden, Esq.*
Signature of Plaintiff's Counsel

1610 Wynkoop Street, Suite 120, Denver, CO 80202
Address of Plaintiff's Counsel

303.563.5354
Plaintiff's Counsel's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

©2013 Colorado Judicial Department for use in the Courts of Colorado

| | |
|---|---|
| ☐District Court, Denver County, Colorado<br>Court Address: 1437 Bannock Street<br>Denver, Colorado 80112 | |
| Plaintiff(s): Lindze Huss<br><br>v.<br><br>Defendant(s): Anthem Blue Cross and Blue Shield | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br><br>Marc Harden, Esq.<br>ZANER HARDEN LAW, LLP<br>1610 Wynkoop Street, Suite 120<br>Denver, CO 80202<br><br>Phone Number:303.563.5354 E-mail: mh@zanerhardenlaw.com<br>FAX Number: 303.563.5351 Reg. #: 36812 | Case Number:<br><br><br><br>Division        Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Check one of the following:

   ☐This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; AND

   - A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☒This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

   ☐The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

   ☒A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☐Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

   *NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In*

*any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

☒ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐ C.R.C.P. 16.1 applies to this case.

☒ C.R.C.P. 16.1 does not apply to this case.

3.  ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: July 17, 2015                                         */S/ Marc Harden, Esq.*
                                                            Marc Harden, Esq.

                                                            Signature of Party or Attorney for Party

| | |
|---|---|
| DISTRICT COURT OF THE 2nd JUDICIAL DISTRICT, DENVER COUNTY DISTRICT COURT, STATE OF COLORADO<br><br>Court Address: 1437 Bannock Street<br>Denver, Colorado 80112<br><br>Phone Number: (720) 865-8301 | ▲ Court Use Only ▲ |
| Plaintiff:<br><br>**LINDZE HUSS,**<br><br>v.<br><br>Defendant:<br><br>**ANTHEM BLUE CROSS AND BLUE SHIELD** | |
| Attorneys for Plaintiff:<br><br>Marc Harden, Atty Reg. # 36812<br>Ashley Paige Fetyko, Atty Reg. #47416<br>ZANER HARDEN LAW, LLP<br>1610 Wynkoop Street, Suite 120<br>Denver, Colorado 80202<br>Telephone: (303) 563-5354<br>Facsimile: (303) 563-5351<br>E-mail: mh@zanerhardenlaw.com<br>E-mail: apf@zanerhardenlaw.com | Case No.:<br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

The Plaintiff, Lindze Huss, by and through her undersigned attorneys, ZANER HARDEN LAW, LLP, hereby submits the following Civil Complaint and Jury Demand and asserts:

## JURISDICTION AND VENUE

1. At all times relevant to this action, Plaintiff Lindze Huss (hereinafter "Plaintiff") resided in Colorado.

2.  Upon information and belief, at all times relevant to this action, Defendant Anthem Blue Cross and Blue Shield (hereinafter "Defendant") was an Indiana corporation authorized to do business in the State of Colorado and conducted business in Denver County, Colorado.

3.  Venue is proper in the District Court of Denver County pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

4.  On or about September 21, 2012, at or about 11:20 a.m., Plaintiff was involved in a motor vehicle collision in which she sustained physical injuries requiring medical treatment.

5.  At the time of the incident on September 21, 2012, Plaintiff was insured by Defendant for health care services and benefits coverage under member identification number 762A73667 (hereinafter the "Policy").

6.  Defendant received premium payments from Plaintiff and her family over substantial time in exchange for health care services and benefits coverage under the Policy.

7.  As an insured for health care services and benefits coverage under the Policy, Plaintiff is entitled to coverage for medically reasonable and necessary medical treatments.

8.  Plaintiff required significant medical treatment as a result of the incident on September 21, 2012, as described above.

9.  Plaintiff's physician prescribed physical therapy, rest, home exercises, prescription medicine, and facet injections to relieve Plaintiff's pain and injuries; none of the above were successful in relieving Plaintiff's pain and injuries.

10. As a result of these prior unsuccessful treatment attempts, Plaintiff's physician recommended diagnostic confirmatory medial branch clocks (hereinafter "diagnostic blocks"), which Plaintiff underwent on May 12, 2014, in order to assess the viability of a procedure known as medial branch rhizotomy.

11. Plaintiff experienced relief following the application of the diagnostic blocks, and Plaintiff's physician therefore recommended medial branch rhizotomy spine nerve treatment (radiofrequency neurolysis) for facet deprivation procedure of the neck (cervical spine), which she underwent on August 8, 2014.

12. In Plaintiff's requests for coverage for her medically reasonable and necessary medical treatment, Plaintiff provided significant information to Defendant, along with medical records and documented medical opinions attesting to the medical reasonableness and necessity for such treatments, which stated that Plaintiff had "a remarkably positive response" to the blocks and that Plaintiff was "so happy with the response… she was in tears."

13. On September 2, 2014, Defendant denied coverage for Plaintiff's spine nerve treatment (radiofrequency neurolysis) for facet deprivation procedure of the neck (cervical spine) which she underwent on August 8, 2014, stating that there was "no report to show the temporary nerve block took away at least half of [Plaintiff's] pain," despite Plaintiff's physician's notes to the contrary.

14. On February 20, 2015, Plaintiff appealed Defendant's denial of coverage under the Policy, and provided supporting documentation once again.

15. Defendant did not respond to Plaintiff's appeal for denial of coverage.

16. On May 14, 2015, Plaintiff's counsel sent Defendant another letter, requesting that Defendant respond to Plaintiff's appeal for denial of coverage.

17. Despite numerous requests, Defendant to this day has not evaluated Plaintiff's appeal for denial of coverage, and has not provided coverage for Plaintiff's medically reasonable and necessary medical treatments, to which she is entitled under the Policy.

18. Defendant has unreasonably and in bad faith denied coverage for Plaintiff's medically reasonable and necessary medical treatments under the Policy.

19. Defendant has failed to fairly evaluate or provide coverage for Plaintiff's medically reasonable and necessary medical treatments under the Policy.

20. Defendant acted unreasonably and with knowledge of, or reckless disregard for, its unreasonableness.

## FIRST CLAIM FOR RELIEF
### Health Care Services and Benefits Coverage

21. Plaintiff incorporates herein by this reference, the allegations contained in Paragraphs 1 through 20 of this Complaint, as if set forth *verbatim*.

22. At the time of the aforementioned collision, the Plaintiff qualified as an "insured" for purposes of a contract of insurance, the Policy, with Defendant.

23. The Policy provided for the coverage of health care services and benefits for medically reasonable and necessary medical treatments.

24. Plaintiff was seriously injured as a result of the motor vehicle collision she was involved in on September 21, 2012.

25. Plaintiff has satisfied all conditions precedent under the Policy and she is eligible to receive coverage under the Policy.

26. Plaintiff is entitled to coverage by the Defendant under the Policy.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

27. Plaintiff incorporates herein by this reference, the allegations contained in Paragraphs 1 through 26 of this Complaint, as if set forth *verbatim*.

28. The Policy was in full force and effect on the date and time that Plaintiff suffered injuries in the aforementioned collision.

29. Defendant unreasonably failed to provide coverage for Plaintiff's treatments pursuant to the applicable Policy.

30. Defendant breached its contractual duty owed Plaintiff.

31. Plaintiff is entitled to damages allowed by law for breach of contract against Defendant.

## THIRD CLAIM FOR RELIEF
### Unreasonable Delay/Denial of a Claim for Benefits
### Pursuant to C.R.S. §§ 10-3-1115-1116

32. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 31 of this Complaint as if set forth *verbatim*.

33. Defendant's denial of coverage for Plaintiff's medically reasonable and necessary medical treatments as well as its delay in responding to Plaintiff's appeal of that denial, Policy, was and is unreasonable and in violation of C.R.S. §§ 10-3-1115 & 10-3-1116.

34. Pursuant to 10-3-1116, C.R.S., Plaintiff is entitled to recover the covered benefit plus twice the covered benefit as well as attorney fees and costs from Defendant for the unreasonable delay and denial of her claim for benefits under the Policy.

## FOURTH CLAIM FOR RELIEF
### Bad Faith

35. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 34 of this Complaint as if set forth *verbatim*.

36. Defendant owed Plaintiff a duty of good faith and fair dealing.

37.     Defendant's actions as set forth above were unreasonable and Defendant knew its actions were unreasonable and/or recklessly disregarded the fact that its actions were unreasonable.

38.     Defendant breached its duty of good faith and fair dealing and its covenant to act in good faith with regard to Plaintiff.

39.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer economic and non-economic damages as described above.

## JURY REQUEST

Trial to a jury of six (6) is requested on all issues so triable.

**WHEREFORE,** the Plaintiff, Lindze Huss, prays for judgment against the Defendant, Anthem Blue Cross and Blue Shield, in an amount to be determined by the trier of fact for her losses as set forth above and for costs, expert witness fees, filing fees, pre and post-judgment interest, and such other further relief as the Court may deem appropriate, just and proper.

Dated this 17th day of July, 2015          Respectfully Submitted by:

ZANER HARDEN LAW, LLP

*/S/ Marc Harden*
Marc Harden

Plaintiff's Address:
9681 W. Chatfield Ave.
Unit B
Littleton, CO 80128

5